United States Bankruptcy Court
District of Massachusetts

In re:  
Basel Al Nammari  
    Debtor

Case No. 16-40091-cjp  
Chapter 7

## CERTIFICATE OF NOTICE

District/off: 0101-4     User: corc     Page 1 of 1     Date Rcvd: Nov 04, 2016  
                           Form ID: 318     Total Noticed: 16

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Nov 06, 2016.

```
db            +Basel Al Nammari,    23 Magnolia Lane,    Marlborough, MA 01752-7902
smg            MASS DEPT OF REVENUE,    BANKRUPTCY UNIT,    PO BOX 9564,    Boston, MA  02114-9564
19667699      +Braintree Property Associates Limited Partnership,    225 West Washington Street,
                Indianapolis, IN 46204-3435
19667701      #C.H. Neurology Foundation,    55 Pond Avenue, Suite 103,    Brookline, MA 02445-7170
19667700      +Childrens Hospital,    300 Longwood Avenue,    Boston, MA 02115-5737
19667703      +Fuad Al Nammeri,    9270 Liberty Hill Court,    Cincinnati, OH 45242-4663
19667704      +Nammeri Pot Inc.,    9270 Liberty Hill Court,    Cincinnati, OH 45242-4663
19667697      +Pensco Trust Company,    FBO Flora Torres, IRA,    c/o McLane, Graf, Raulerson, & Middleton,
                900 Elm Street,    Manchester, NH 03101-2029
19667698      +Pensco Trust Company,    FBO Robin Torres, IRA,    c/o McLane, Graf, Raulerson, & Middleton,
                900 Elm Street,    Manchester, NH 03101-2029
19667705       Ramamurthy Jupudy,    67700 NW 27th Street,    Sunrise, FL 33313
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.

```
smg           +E-mail/Text: duabankruptcy@detma.org Nov 04 2016 23:39:39     CHIEF COUNSEL, LEGAL DEPARTMENT,
                DEPARTMENT OF UNEMPLOYMENT ASSISTANCE,    COMMONWEALTH OF MASSACHUSETTS,
                19 STANIFORD STREET,1ST FLOOR,    Boston, MA 02114-2502
19667696      +EDI: AMEREXPR.COM Nov 04 2016 23:23:00      American Express,    200 Vessey Street,
                New York, NY 10285-0002
19667695      +EDI: BANKAMER2.COM Nov 04 2016 23:23:00      Bank of America,    100 North Tryon Street,
                Charlotte, NC 28255-0001
19667694       EDI: DISCOVER.COM Nov 04 2016 23:23:00      Discover Financial Services,    P.O. Box 6103,
                Carol Stream, IL 60197-6103
19667702       EDI: IRS.COM Nov 04 2016 23:23:00      Internal Revenue Service,    P.O. Box 7346,
                Philadelphia, PA 19101-7346
19692730      +EDI: RECOVERYCORP.COM Nov 04 2016 23:23:00      The Bureaus, Inc.,
                c/o Recovery Management Systems Corp.,    25 SE 2nd Avenue, Suite 1120,    Miami, FL 33131-1605
                                                                                              TOTAL: 6
```

           ***** BYPASSED RECIPIENTS *****  
NONE.                                                                                                                                   TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update. While the notice was still deliverable, the notice recipient was advised to update its address with the court immediately.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Nov 06, 2016                                                    Signature: /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on November 4, 2016 at the address(es) listed below:

```
              Darren J Rillovick    on behalf of Debtor Basel  Al Nammari d_rillovick@yahoo.com
              Jonathan R. Goldsmith    trusteedocs1@gkalawfirm.com,
               trusteedocs@gkalawfirm.com;epartyka@gkalawfirm.com;MA43@ecfcbis.com;mwolohan@gkalawfirm.com
              Jonathan R. Goldsmith    on behalf of Trustee Jonathan R. Goldsmith bankrdocs@gkalawfirm.com,
               bankrdocs1@gkalawfirm.com;epartyka@gkalawfirm.com
              Richard  King    USTPRegion01.WO.ECF@USDOJ.GOV
                                                                                              TOTAL: 4
```

| **Information to identify the case:** | |
|---|---|
| Debtor 1: **Basel Al Nammari** <br> First Name   Middle Name   Last Name | Social Security number or ITIN **xxx–xx–5057** <br> EIN __–_____ |
| Debtor 2 (Spouse, if filing): <br> First Name   Middle Name   Last Name | Social Security number or ITIN ____ <br> EIN __–_____ |
| United States Bankruptcy Court  **District of Massachusetts** | |
| Case number: **16–40091** | |

# Order of Discharge                                                                    12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 727 is granted to:

Basel Al Nammari

<u>11/4/16</u>                                                        **By the court:**  <u>Christopher J. Panos</u>
                                                                                  United States Bankruptcy Judge

---

**Explanation of Bankruptcy Discharge in a Chapter 7 Case**

This court grants a discharge to the person named as the debtor. It does not dismiss the case, and it does not determine how much money, if any, the trustee will pay to creditors.

**Debts that Are Discharged**

The chapter 7 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debt are discharged if the debt existed on the date the bankruptcy case was filed.

If this case began under a different chapter of the Bankruptcy Code and was converted to chapter 7, the discharge applies to debts as of the date of conversion.

**Debts that Are Not Discharged**

Some of the common types of debts which are <u>not</u> discharged in a chapter 7 bankruptcy case are:

- Debts for most taxes;
- Debts incurred to pay nondischargeable taxes;
- Debts that are domestic support obligations;
- Debts for most student loans;
- Debts for most fines, penalties, forfeitures, or criminal restitution obligations;
- Debts for personal injuries or death caused by the debtor's operation of a motor vehicle, vessel, or aircraft while intoxicated;
- Some debts which the debtors did not properly list;
- Debts that the bankruptcy court specifically has decided or will decide in this bankruptcy case are not discharged;
- Debts for which the debtor has given up the discharge protections by signing a reaffirmation agreement in compliance with the Bankruptcy Code requirements for reaffirmation of debts; and
- Debts owed to certain pension, profit sharing, stock bonus, or retirement plans, or to the Thrift Savings Plan for federal employees for certain types of loans from these plans.

**For more information, see page 2 >**

**Collection of Discharged Debts Prohibited**

The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor.

*[In a case involving community property: There are also special rules that protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.]*

A creditor who violates this order can be required to pay damages and attorney's fees to the debtor. However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of the bankruptcy discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**

Official Form 318              **Order of Discharge**              page 2